# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas Shrader,**
**Petitioner Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    **No. 12-0982** (McDowell County 11-C-186)

**State of West Virginia and McDowell County Circuit**
**Court, Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Thomas Shrader, *pro se*, appeals the order of the Circuit Court of McDowell County, entered May 11, 2012, denying his petition for a writ of habeas corpus or, in the alternative, *coram nobis*. Respondent State of West Virginia, by Andrew D. Mendelson, its attorney, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1975, petitioner was charged in Nos. 75-8-3, 75-8-4, and 75-8-19. In Nos. 75-8-3 and -4, petitioner was charged with murder. In No. 75-8-19, petitioner was charged with malicious wounding. On January 20, 1976, petitioner pled guilty, in the first degree, on the two counts of murder and pled guilty to the reduced charge of unlawful wounding. The circuit court imposed two life sentences, with mercy, along with a twelve-month sentence in jail on the unlawful wounding conviction. The sentences were concurrent.

Petitioner subsequently filed a petition for a writ of habeas corpus and was provided with a hearing in June of 1976, where he states that he was represented by appointed counsel. Habeas relief was denied. In 1984, petitioner was provided with an omnibus habeas corpus hearing after which relief was again denied.[1]

---

[1] In its May 11, 2012 order denying his instant petition, the circuit court stated that petitioner also filed a motion for a reduction of sentence in 1989, which was denied by an order entered March 27, 1990. In the order denying the motion, the circuit court stated that "review of the relevant records indicates that the defendant had counsel, understood the sentencing procedure, and the content of the sentencing procedure."

1

Petitioner was released on parole on December 23, 1993. In 1999, petitioner completed his parole.

In June of 2010, petitioner was charged by a federal grand jury of being a felon in possession of a firearm. Subsequently, petitioner was found guilty of constructive possession of firearms. Petitioner was sentenced under the Armed Career Criminal Act to 235 months in federal prison with five years of probation. Petitioner's record of three violent felonies allowed for this sentence to be imposed. Petitioner is currently incarcerated at United States Penitentiary-Lompoc in Lompoc, California.

On October 11, 2011, petitioner filed a petition for a writ of habeas corpus or, in the alternative, *coram nobis* in the circuit court. Petitioner alleged the following grounds for relief: (1) petitioner believed in 1976 that he was pleading guilty to two felonies and one misdemeanor, not to three felonies;[2] (2) there have been changes in the law since 1976 favorable to petitioner; (3) the indictments against petitioner in Nos. 75-8-3, 75-8-4, and 75-8-19 were fatally flawed; and (4) ineffective assistance of trial counsel.

In its order entered May 11, 2012, the circuit court denied the petition. After addressing petitioner's various claims, the circuit court concluded as follows:

> This Court finds that [petitioner]'s Petition for Habeas Corpus fails for many reasons. The most important reason that [petitioner]'s Habeas Petition fails is because this Court lacks jurisdiction to hear the case. [Petitioner]'s Habeas Petition is moot. He has served his time and been paroled and discharged from his parole for the crimes he committed against the [S]tate of West Virginia. He is no longer in the [S]tate of West Virginia's custody, he is a federal prisoner in the [S]tate of California.[3]
>
> [Petitioner]'s Habeas Petition also fails because this Court finds that all the issues involved in his case have been finally

---

[2] Unlawful wounding is a felony under West Virginia Code § 61-2-9. Petitioner alleges that he thought he was pleading to a misdemeanor. However, as the State notes, at the plea hearing, the circuit court asked petitioner, "You understand the consequences of your pleas?" Petitioner answered, "Yes, sir, your Honor. I do."

[3] While it is an open question in West Virginia whether convicts on probation or parole may seek relief in habeas corpus, petitioner clearly may not do so because he completed his parole in the state system in 1999. However, even though *coram nobis* no longer exists in purely civil cases, "it may still be available in a post-conviction context when the petitioner is not incarcerated." *State ex rel. Richey v. Hill,* 216 W.Va. 155, 162 n. 10, 603 S.E.2d 177, 184 n. 10 (2004).

> adjudicated or waived. He has had at least three prior opportunities to attack his unlawful wounding conviction.
>
> [Petitioner]'s claim[s] of faulty indictments and prosecutorial misconduct also fail. The case law provides that the indictment does not have to quote the statutory language exactly.
>
> [Petitioner]'s final claim that he had ineffective counsel also fails. He was deemed competent by several evaluations. He also told the court that his plea was free and voluntary. He can also not prove that with other counsel the outcome would have been different.

Even if the writ of *coram nobis* still exists in the post-conviction context, it is only of "limited scope," not recognizing numerous errors that are not considered fundamental in nature. *State ex rel. Richey v. Hill,* 216 W.Va. 155, 162 n. 10, 603 S.E.2d 177, 184 n. 10 (2004).[4] On appeal, petitioner argues that the indictments against him in Nos. 75-8-3, 75-8-4, and 75-8-19 should be dismissed with prejudice. The State argues that the circuit court did not err in denying the petition because all the issues raised in this case—petitioner's third post-conviction proceeding—have been finally adjudicated or waived. The State notes that petitioner has had at least three prior opportunities to challenge his unlawful wounding conviction and/or any issues related to the indictments.

Petitioner does not dispute that he had habeas hearings in both 1976 and 1984, nor does he allege that those hearings were somehow procedurally deficient. With respect to the 1976 hearing, petitioner even indicates that he was represented by appointed counsel. Thus, petitioner had an obligation to raise "all matters known or which with reasonable diligence could have been known." Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (holding that a prior omnibus habeas corpus hearing allows the doctrine of res judicata to bar subsequent proceedings).[5]

Therefore, after careful consideration, this Court concludes that the doctrine of res judicata bars the instant petition and that the circuit court did not err in denying it.[6]

---

[4] *See also United States v. Mayer*, 235 U.S. 55, 69 (1914) (*Coram nobis* is available only to correct errors "of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.").

[5] *Losh* allows for an exception to the principles of res judicata for changes in the law, favorable to the petitioner, which may be retroactively applied. Upon a review of the petition, this Court finds that petitioner cited no case law that comes within this exception. Specifically, petitioner argued that decisions holding that an indictment must set forth the essential elements of the offense charged represent a change in the law since 1976 favorable to him. However, this Court has held the same as far back as 1966. *See* Syl. Pt. 1, *State ex rel. Combs v. Boles*, 151 W.Va. 194, 151 S.E.2d 115 (1966) ("In order to lawfully charge an accused with a particular crime it is imperative that the essential elements of that crime be alleged in the indictment.").

[6] Even if the issue were reached, this Court notes that the indictments in Nos. 75-8-3, 75-8-4, and

For the foregoing reasons, we find no error in the decision of the Circuit Court of McDowell County and affirm its order, entered May 11, 2012, denying the petition for a writ of habeas corpus or, in the alternative, *coram nobis*.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

75-8-19 were not flawed. First, "[i]n this State there is no such thing as an indictment for murder in the *first* or *second* degree; the indictment is for *murder,* and it depends upon the proof, whether it is in the *first* or *second* degree." Syl. Pt. 4, *State v. Schnelle*, 24 W.Va. 767 (1884) (emphasis in original). Second, with respect to the indictment in No. 75-8-19, this Court agrees with the State that a careful reading of the indictment indicates that petitioner's assertion that the names therein were transposed is incorrect.

4